1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

JULIE S.,

7
                          Plaintiff,

8
       v.

9
COMMISSIONER OF SOCIAL
SECURITY,

10
                          Defendant.

Case No. 3:19-cv-06008

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11
12       Plaintiff has brought this matter for judicial review of Defendant's denial of her

13 applications for disability insurance ("DIB") and supplemental security income ("SSI")

14 benefits.

15       The parties have consented to have this matter heard by the undersigned

16 Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

17 MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred,

18 and the ALJ's decision is reversed and remanded for an award of benefits.

19                    I.        ISSUES FOR REVIEW

20       1.  Did the ALJ err in evaluating the medical opinion evidence?
         2.  Did the ALJ properly assess opinions from other sources?
21       3.  Did the ALJ properly assess Plaintiff's symptom testimony?
         4.  Was the ALJ properly appointed pursuant to the Appointments
22           Clause of the United States Constitution?

23
24
25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

## II.   BACKGROUND

Plaintiff first filed applications for DIB and SSI in 2004. AR 13. Plaintiff's applications were denied initially and upon reconsideration. *Id.*

Plaintiff filed new applications for DIB and SSI on March 11, 2014 and May 6, 2014 respectively, alleging in both applications a disability onset date of August 1, 2008. AR 13, 120-21, 122-30. Plaintiff's applications were denied initially and upon reconsideration. AR 13, 82-84, 86-87, 88-90.

Administrative Law Judge ("ALJ") Vadim Mozyrsky held a hearing on February 10, 2016. AR 28-50. On April 18, 2016, ALJ Mozyrsky issued a decision finding that Plaintiff was not disabled. AR 10-23, 505-18. On July 27, 2017, the Social Security Appeals Council denied Plaintiff's request for review.  AR 1-6, 523-28.

On August 25, 2017, Plaintiff filed a new application for SSI. AR 641-47. Plaintiff's application was denied on initial review and upon reconsideration. AR 576-79, 580-83, 589-95.

On May 22, 2018, this Court granted a stipulated motion to reverse and remand this case for further administrative proceedings. AR 556-67. On December 8, 2018, the Social Security Appeals Council vacated ALJ Mozyrsky's April 18, 2016 decision, consolidated Plaintiff's claims, and remanded this case for re-consideration of Plaintiff's symptom testimony and the opinion of examining psychologist William Weiss, Ph.D. AR 568-74.

On May 24, 2019, ALJ Mozyrsky held a new hearing. AR 466-504. On June 25, 2019, ALJ Mozyrsky issued a decision finding Plaintiff not disabled. AR 442-57.

Plaintiff seeks judicial review of ALJ Mozyrsky's June 25, 2019 decision. Dkt. 5.

1

2

3

III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of anxiety, attention deficit hyperactivity disorder, bipolar disorder, post-traumatic stress disorder, and obsessive compulsive disorder. AR 448. The ALJ also found that Plaintiff had the non-severe impairments of headaches, status post left distal clavicle fracture, and aortic valve insufficiency. AR 448-49.

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could perform a full range of work at all exertional levels with a range of work-related mental limitations. AR 450-51. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff did not have any past relevant work, but could perform other medium, unskilled jobs; therefore the ALJ determined at step four of the sequential evaluation that Plaintiff was not disabled. AR 456-57, 501-502.

A.   Whether the ALJ properly evaluated the medical opinion evidence

Plaintiff contends that the ALJ erred in evaluating the opinions of William Weiss, Ph.D., Gregory May, Psy.D., Jerry Gardner, Ph.D., and Thomas Clifford, Ph.D. Dkt. 13, pp. 3-6, 9-10.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

1. Dr. Weiss

Psychologist Dr. Weiss examined Plaintiff on August 18, 2014. AR 261-67. Dr. Weiss' evaluation consisted of a review of the medical record, a clinical interview, a mental status examination, and psychological testing. Based on this evaluation, Dr. Weiss opined it was likely Plaintiff would be unable to maintain gainful employment, even with the assistance of medication and psychotherapy. AR 267.

Dr. Weiss stated Plaintiff had deficits with respect to judgment, insight, and recent memory. *Id.* Dr. Weiss stated that Plaintiff's ability to sustain social interaction, adaptation, concentration and persistence were markedly impaired by her bipolar disorder, post-traumatic stress disorder, obsessive compulsive disorder, and hoarding disorder. *Id.*

The ALJ assigned "little weight" to Dr. Weiss' opinion, reasoning that: (1) Plaintiff's condition improved with medicine and therapy; (2) Plaintiff was non-compliant with her treatment regimen; (3) mental status examinations conducted during the period

at issue were mostly within normal limits; (4) exacerbations in Plaintiff's mental health symptoms were due to situational stressors; (5) Plaintiff stated that her criminal history was her most significant barrier to employment; 6) Dr. Weiss' opinion was inconsistent with the opinion of George May, Psy.D.; and (7) Plaintiff exaggerated her symptoms. AR 453-54.

With respect to the ALJ's first three reasons, in its December 2018 remand order, the Social Security Appeals Council noted that Plaintiff's sporadic treatment attendance and non-compliance with her medication regimen were consistent with Plaintiff's "severe" bipolar disorder, and were not necessarily valid reasons for discounting Plaintiff's symptom testimony. AR 570.

Claimants who suffer from mental conditions may have symptoms that wax and wane, with downward cycles, cycles of improvement, and mixed results from treatment. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014).

Especially when a claimant suffers from bipolar disorder, the symptoms are cyclical, and a difference in functional capacity between manic and depressive episodes does not necessarily constitute substantial evidence for overriding a physician's opinion that a claimant is significantly impaired. *See Buck v. Colvin,* 540 Fed. Appx. 772, 773 (9th Cir. 2013) quoting *Agyeman v. I.N.S.,* 296 F.3d 871, 881 (9th Cir.2002) ("Bipolar disorder is a severe psychiatric illness marked by *episodes* of mania and depression, impairment of functioning—both cognitive and behavioral, and is frequently complicated by psychotic symptoms (e.g. delusions, hallucinations, and disorganized thinking).") (emphasis in original).

1    Further, the Ninth Circuit has recognized that noncompliance with treatment is

2    consistent with a diagnosis of bipolar disorder. *Winter v. Berryhill*, 711 Fed. Appx. 847,

3    851 (9th Cir. 2017) (finding claimant's noncompliance with treatment did not undermine

4    her allegations, "as noncompliance with treatment by individuals with bipolar disorder is

5    consistent with their diagnosis"); *see also Brewes v. Comm'r of Soc. Sec. Admin.*, 682

6    F.3d 1157, 1164 (9th Cir. 2012) (stating that claimant's difficulty following through with

7    treatment was "entirely consistent" with her bipolar disorder, depression, anxiety, and

8    agoraphobia).

9    Given the nature of Plaintiff's bipolar disorder and other mental impairments, the

10   ALJ's findings concerning periodic improvement in Plaintiff's symptoms and her non-

11   compliance with her treatment regimen are not specific and legitimate reasons for

12   discounting Dr. Weiss' opinion.

13   As for the ALJ's fourth reason, the ALJ emphasized the impairment must prevent

14   performance of substantial gainful activity -- not situational factors, such as job losses,

15   economic issues, or homelessness; and any impairment that does not last continuously

16   for twelve months does not satisfy the requirement. *See* 42 U.S.C. §§ 423(d)(1)(A):

17       '[D]isability' means inability to engage in substantial gainful activity *by*
         *reason of* any medically determinable physical or mental impairment
18       which can be expected to result in death or which has lasted or can be
         expected to last for a *continuous* period of not less than 12 months; .  .
19       .  .

20   42 U.S.C. §§ 423(d)(1)(A) (emphases added).

21   While the ALJ correctly determined Plaintiff endured a series of significant

22   exacerbating personal stressors during the period at issue, the ALJ misapprehended

23   the importance of the longitudinal record -- showing that Plaintiff has an extensive

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

history of serious trauma; she suffered long term anxiety; and she has struggled with symptoms of psychological conditions, including bipolar disorder and other mental impairments, for nearly 30 years. AR 222-23, 230, 232, 238-39, 247, 262-63, 269-339, 342, 361-66, 386, 392, 395, 398, 781, 783, 785, 787, 791, 793, 795, 799, 801, 896-99, 904, 921, 923-24, 929, 934, 943, 946, 950-51, 953, 1007, 1193, 1216, 1220.

Regarding the ALJ's fifth reason, the ALJ cited Plaintiff's statement that her criminal history was her primary barrier to employment. AR 454, 1194. Yet Plaintiff's criminal activity, particularly her compulsive shoplifting, was identified by medical professionals as a symptom of her psychological conditions. AR 222-24, 228, 241, 262-65, 271, 269-339, 361-66, 898, 904, 943. (describing Plaintiff's lengthy history of shoplifting arrests, and finding that these incidents are a manifestation of Plaintiff's mental health conditions).

As for the ALJ's sixth reason, the fact that Dr. Weiss' opinion differs from Dr. May's is not, in and of itself, a specific and legitimate reason for discounting his opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (An ALJ errs when he or she rejects a medical opinion or assigns it little weight while "doing nothing more than ignoring it, *asserting without explanation that another medical opinion is more persuasive*, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.") (emphasis added).

Regarding the ALJ's seventh reason – that Plaintiff exaggerated her symptoms -- affirmative evidence of malingering relieves an ALJ from the burden of providing specific, clear, and convincing reasons for discounting a claimant's testimony. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir.2006); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

1   F.3d 595, 599 (9th Cir.1999). "The essential feature of malingering is the intentional

2   production of false or grossly exaggerated physical or psychological symptoms,

3   motivated by external incentives such as . . . obtaining financial compensation . . . or

4   obtaining drugs."  American Psychiatric Association, *Diagnostic and Statistical Manual*

5   *of Mental Disorders* 726 (5th ed. 2013) ("DSM V").

6       Here, the ALJ cites a diagnostic report from December 2018 in which examining

7   psychologist Mark Clark, Psy.D. stated that Plaintiff displayed "some tendency" towards

8   exaggeration of symptoms and that the credibility of her statements was "somewhat

9   questionable." AR 454, 1194. Dr. Clark's isolated and equivocal report does not

10  constitute "affirmative evidence" of malingering, and cannot serve as a specific and

11  legitimate reason for discounting Dr. Weiss' opinion, because Dr. Clark's comment, and

12  the record as a whole, do not support a finding that there was affirmative evidence of

13  malingering.

14      If the ALJ had questions about whether any affirmative evidence showed that

15  Plaintiff was exhibiting behaviors that were evidence of malingering (rather than

16  behaviors that were related to symptoms of her mental illnesses), the ALJ would have

17  been required to resolve those questions by asking them of Plaintiff, and potentially

18  expanding the record to include a mental health professional who would have expertise

19  in that particular area. In this case, the ALJ did not explore whether affirmative evidence

20  existed on the issue of malingering, and there is insufficient evidence to support such a

21  finding. *See, Cole v. Colvin,* 831 F.3d 411, 415-416 (7th Cir. 2016) and *Garcia v. Colvin,*

22  741 F.3d 758, 861-862 (7th Cir. 2013) (Court rejected the ALJ's speculation that

23  claimant did not seek treatment and was therefore malingering, because the finding of

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

1  malingering was not based on substantial evidence); *see generally, Reed v. Colvin,* 779

2  F.3d 725, 726 (8th Cir. 2015) (a suggestion of "possible malingering" in a consulting

3  psychologist's examination report concerning an IQ test relating to the claimant's mental

4  disability was insufficient to support an ALJ's determination of malingering).

5       Accordingly, the ALJ has not provided specific and legitimate reasons for

6  discounting Dr. Weiss' opinion.

7       2.  Dr. May

8       Psychologist Dr. May evaluated Plaintiff on November 14, 2017. AR 903-06. Dr.

9  May's evaluation consisted of a clinical interview and a mental status examination.

10  Based on this evaluation, Dr. May opined that Plaintiff's prospects for returning to

11  sustained employment in three to twelve months were "good/fair" and that she would

12  "likely be most successful" if given simple tasks and not required to interact with the

13  public. AR 906.

14       The ALJ gave "great weight" to Dr. May's opinion, citing precisely the same

15  reasons he discussed when discounting Dr. Weiss' opinion. Compare AR 454 with AR

16  453-54. For the reasons discussed above, these findings are not supported by

17  substantial evidence, and cannot serve as a basis for crediting Dr. May's opinion any

18  more than they support discounting Dr. Weiss' opinion.

19       3.  Dr. Gardner and Dr. Clifford

20       Non-examining state agency consultants Dr. Gardner and Dr. Clifford offered

21  opinions concerning Plaintiff's mental impairments in 2014. AR 54-55, 64-65, 75-79. In

22  two of their opinions, Dr. Gardner and Dr. Clifford opined that there was insufficient

23  evidence to offer an opinion concerning Plaintiff's mental limitations. AR 54-55, 64-65.

24

25

In a third opinion from September 2014, Dr. Clifford opined that Plaintiff could perform simple, routine tasks, but would have difficulty with more detailed tasks, and could maintain concentration for up to two hours. AR 77-78. Dr. Clifford further opined that Plaintiff should avoid working with the general public, but could work with a small group of co-workers and a supervisor, and can meet basic adaptive needs, but may need assistance setting realistic goals and would benefit from a routine work environment. AR 78-79.

The ALJ assigned "great weight" to the opinions of Dr. Gardner and Dr. Clifford, reasoning that: (1) they had the benefit of reviewing records from several treating sources and had a longitudinal picture of Plaintiff's mental health; and (2) Dr. Gardner and Dr. Clifford are psychological experts and have experience in the vocational issues that arise in Social Security cases. AR 455.

Plaintiff contends that the ALJ's conclusion that Dr. Gardner and Dr. Clifford had a "longitudinal picture" of Plaintiff's mental health is not supported by substantial evidence given that both Dr. Gardner and Dr. Clifford initially stated that there was insufficient evidence for them to offer an opinion concerning Plaintiff's limitations. Dkt. 13, p. 10. Defendant does not dispute this contention, and the opinions of Dr. Gardner and Dr. Clifford cannot serve as substantial evidence for discounting the opinion of examining psychologist Dr. Weiss. *See, Lester v. Chater*, 81 F.3d 821, 831-832 (9th Cir. 1995) (A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself, particularly where those opinions are not otherwise corroborated by medical evidence in the record, sufficient to justify the rejection of an opinion by an examining or treating physician or psychologist).

B. <u>Whether the ALJ erred in evaluating opinions from other sources</u>

Plaintiff contends that the ALJ erred in evaluating the opinion of Julia Swofford, ARNP and Katy Ham, LMHC. Dkt. 13, pp. 6-7.

On December 12, 2014, ARNP Swofford and Counselor Ham offered an opinion concerning Plaintiff's mental impairments. AR 367. ARNP Swofford and Counselor Ham did not offer an opinion concerning Plaintiff's precise work-related limitations, but opined that Plaintiff's prognosis for improvement of her unwanted compulsive behaviors and obsessive thoughts was "very good" given adequate time and adherence to the appropriate treatment regimen. *Id.*

The ALJ assigned "great weight" to the opinion of Nurse Swofford and Counselor Ham, citing many of the same reasons he cited in discounting the opinion of Dr. Weiss and crediting the opinion of Dr. May. Compare AR 455 with AR 453-54. For the reasons discussed above, the ALJ's findings are not supported by substantial evidence. *See supra* Section IV.A.

C. <u>Whether the ALJ properly evaluated Plaintiff's symptom testimony</u>

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discounting her symptom testimony. Dkt. 13, pp. 10-16.

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's

testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

In discounting Plaintiff's testimony, the ALJ cited the same reasons he cited in discounting the opinion of Dr. Weiss and crediting the opinions of Dr. May, Nurse Swofford and Counselor Ham. Compare AR 452 with AR 453-55. For the reasons discussed above, the ALJ has not provided clear and convincing reasons discounting Plaintiff's testimony. *See supra* Sections IV.A and IV.B.

D. <u>Whether the ALJ was properly appointed pursuant to the Appointments Clause of the United States Constitution</u>

Plaintiff, citing the United States Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), contends that the ALJ who presided over her case was an "Officer of the United States" within the meaning of the Constitution's Appointments Clause – but the ALJ was not constitutionally appointed consistent with that provision. Dkt. 13, pp. 18-19. Because this case be resolved without considering this claim, the Court declines to address these issues.

E. <u>Remand for an Award of Benefits</u>

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 13, pp. 17-18. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

Here, the ALJ erred in evaluating the medical opinion evidence and Plaintiff's testimony. This evidence establishes that Plaintiff has marked mental limitations, her condition has not responded to treatment, and has been struggling with a set of intractable symptoms for approximately 30 years. AR 262-63, 267, 269-339, 361-66, 898, 904. During the hearing, the vocational expert testified that there would be "zero tolerance" for an individual who stole items from a job site. AR 48-49. The record has been fully developed, and if Plaintiff's testimony and the opinion of Dr. Weiss were credited as true, the ALJ would be required to find Plaintiff disabled on remand. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits.").

Accordingly, remand for an award of benefits is the appropriate remedy.

1

## CONCLUSION

2    Based on the foregoing discussion, the Court finds the ALJ erred when he found

3 Plaintiff was not disabled. Defendant's decision to deny benefits is therefore

4 REVERSED and this matter is REMANDED for an award of benefits.

5

6    Dated this 23rd day of March, 2021.

7

8

9

10    Theresa L. Fricke
United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 14